## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PARAGON VENTURES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2087-KHV |
| MOBILE MED CARE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

Paragon Ventures, LLC brings this diversity suit against Mobile Med Care, Inc. for breach of contract. This matter comes before the Court on Mobile Med Care, Inc.'s Motion To Dismiss For Improper Venue Or Subject Matter Jurisdiction (Doc. #8) filed April 21, 2005. Because the parties contractually selected "courts of the State of Kansas" as the forum for this litigation, Mobile Med Care asks the Court to dismiss for improper venue or lack of subject matter jurisdiction under Rule 12(b)(3) or (1), Fed. R. Civ. P. For reasons set forth below, the Court finds that venue and subject matter jurisdiction are proper in the District of Kansas. The Court therefore overrules defendant's motion to dismiss.

### Legal Standards

The Court considers a motion for improper venue under Rule 12(b)(3), Fed. R. Civ. P. See Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992). The procedure to decide a motion to dismiss for improper venue is generally the same as deciding a motion to dismiss for lack of personal jurisdiction. Black & Veatch Constr., Inc. v. ABB Power Generation, Inc., 123 F. Supp.2d 569, 572 (D. Kan. 2000). In ruling on the motion, the Court may consider matters outside the pleadings without converting it to a motion for summary judgment. Topliff v. Atlas Air, Inc. 60 F. Supp.2d 1175, 1176 (D.

Kan. 1999); see Black & Veatch, 123 F. Supp.2d. at 572 (affidavit and other written material can be considered on motion to dismiss for lack of personal jurisdiction).

## Facts

Paragon Ventures is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. Mobile Med Care is a Kansas corporation with its principal place of business in Kansas. On October 24, 2002, Mobile Med Care entered into a Fee Agreement with Paragon Ventures under which Paragon Ventures represented Mobile Med Care in the sale of its business. Paragon Ventures now claims that Mobile Med Care breached the Fee Agreement by not paying Paragon Ventures its commission.

The Fee Agreement contains the following provision:

> This Agreement shall be governed by and construed for all purposes in accordance with the laws of the State of Kansas, and if any enforcement of this Agreement is sought, the parties further agree that the courts of the State of Kansas shall have exclusive jurisdiction and venue thereof and each party hereby irrevocably and unconditionally submits to such jurisdiction and venue.

Exhibit A to Complaint (Doc. #1) filed March 7, 2005, ¶ 8. Mobile Med Care argues that venue is improper in federal court because only state courts are "courts of the State of Kansas." Mobile Med Care drafted the forum selection provision. Exhibit 1 to Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss For Improper Venue Or Subject Matter Jurisdiction (Doc. #10) filed April 29, 2005, ¶ 3.

## Analysis

Forum selection clauses are prima facie valid and should be enforced unless a party can show that

enforcement would be unreasonable or unjust. Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). An enforceable forum selection clause must "clearly confine litigation to specific tribunals at the exclusion of all others." SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 582 (10th Cir. 1997). In addition, "[a] waiver of one's statutory right to remove a case from a state to a federal court must be clear and unequivocal." Milk 'N' More v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992). Any ambiguity should be construed against the drafting party.[1] Id.

Mobile Med Care argues that the phrase "courts of the State of Kansas" unambiguously refers only to Kansas state courts. In support of its argument, Mobile Med Care cites Rogen v. Memry Corp., 886 F. Supp. 393, 396 (S.D.N.Y. 1995), which held that "the legal tribunals of the State of New York" means solely state courts of New York. The Honorable G.T. VanBebber, however, interpreted a similar clause –"appropriate courts of the State of Minnesota"– to include both state and federal courts. Johnson v. N. States Power Co., No. 99-2394-GTV, 2000 WL 1683658 at *3 (D. Kan. 2000); see also Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co., 202 F. Supp.2d 1238 (D. Kan. 2002) ("jurisdiction shall vest in the State of Illinois" includes federal courts); City of New York v. Pullman, Inc., 477 F. Supp. 438 (S.D.N.Y. 1979) ("New York courts" includes federal courts); cf. Ori, Inc. v. Lanewala, No. 99-2402-JWL, 2001 WL 1175097 (D. Kan. 2001) ("Overland Park, Kansas court house" is not "clear and unequivocal" waiver of party's right to remove because only municipal court exists in Overland Park and clause did not distinguish between federal or state courts with jurisdiction over Overland Park). In Johnson,

---

[1] Courts often categorize forum selection clauses as mandatory or permissive. Excell, Inc. v. Sterling Boiler & Mech., 106 F.3d 318, 321 (10th Cir. 1997). Here the parties do not dispute that the clause is mandatory.

3

Judge VanBebber relied in large part on the Tenth Circuit decision in Milk 'N' More, which held that a waiver of a right to remove to federal court must be "clear and unequivocal."[2] 963 F.2d at 1346. Judge VanBebber concluded that because "appropriate courts of the State of Minnesota" did not "clearly and unequivocally" exclude federal courts, it did not preclude suit. 2000 WL 1683658 at *3. The Court substantially agrees with Judge VanBebber's reasoning in Johnson. Id. Because the phrase "courts of the State of Kansas" does not "clearly and unequivocally" waive either party's right to proceed in federal court, the Fee Agreement does not bar suit in this court.

Mobile Med Care argues that Johnson is distinguishable because in that case, the word "appropriate" made the clause ambiguous. The Court, however, finds that addition of the word "appropriate" to "courts of the State of Minnesota" does not make ambiguous a clause that was otherwise clear. Moreover, Johnson did not hold that the phrase was ambiguous, and the Court is not convinced that the outcome would have been different without the word appropriate. 2000 WL 1683658 at *3. The Court also notes that while the word "appropriate" may limit the specific courts within a state (e.g. it may exclude bankruptcy courts in a federal case or municipal courts in a state case), it does not distinguish federal and state courts. For instance, to the extent that the word "appropriate" means courts with proper jurisdiction and venue, it does not suggest that federal courts are excluded. For these reasons, the Court overrules defendant's motion to dismiss.

---

[2]  In Milk' N' More, the Tenth Circuit found that a forum selection clause which stated "venue shall be proper in Johnson County, Kansas" clearly and unequivocally waived defendant's right to remove to federal court. 963 F.2d at 1346  It noted the wording, which discussed the particular county, "strongly points to the state court of that county." Federal venue is not stated in terms of "counties," but judicial districts. Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997).

Alternatively, the Court finds that the phrase "courts of the State of Kansas" is vague and ambiguous. Conflicting decisions regarding similar language, such as Rogen and Johnson, signal ambiguity. Ambiguity exists where "the language is subject to two or more reasonable interpretations and its proper meaning is uncertain." See Sec. State Bank of Kansas City v. Aetna Cas. & Sur. Co., 825 F. Supp. 944, 946 (D. Kan. 1993). The Court therefore construes the ambiguity against Mobile Med Care, the drafter. See Milk 'N' More, 963 F.2d at 1346; see also Pullman, 477 F. Supp. at 443 (noting that federal courts sitting in diversity are not equivalent to state courts, but nevertheless holding that "New York courts" encompasses federal courts in New York).

Mobile Med Care also contends that the capitalization of "state" in "State of Kansas" indicates sovereignty, which shows that the parties intended for jurisdiction and venue to be exclusive in Kansas state courts. See The Chicago Manual of Style 330 (13th ed. 2003). Other courts have not adopted this reasoning. See Johnson, 2000 WL 1683658 at 3; Action Corp. v. Toshiba Am. Consumer Prods., Inc., 975 F. Supp. 170, 176 (D.P.R. 1997) (disregarding the capitalization of "commonwealth" in "Courts of the Commonwealth of Puerto Rico"); see also Nat'l Inspection, 202 F. Supp. 2d at 1244 (ignoring capitalization of state in "jurisdiction shall vest in the State of Illinois"). Furthermore, to the extent defendant wanted to limit suits to state court, it could have drafted the clause more clearly (i.e. Kansas State Courts or State Courts of Kansas).

In sum, "courts of the State of Kansas" is not so "clear and unequivocal" as to constitute a waiver of Paragon Ventures' right to proceed in federal court. Furthermore, because Mobile Med Care drafted the clause, any ambiguity must be construed in favor of Paragon Ventures. The Court therefore finds that the forum selection clause should be read to include federal court in the District of Kansas.

**IT IS THEREFORE ORDERED** that <u>Mobile Med Care, Inc.'s Motion To Dismiss For Improper Venue Or Subject Matter Jurisdiction</u> (Doc. #8) filed April 21, 2005 be and hereby is **OVERRULED.**

Dated this 14th day of June, 2005 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge