DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PARAGON VENTURES L.L.C,**

    **Plaintiff and Counterclaim Defendant,**

                                                                                      **CIVIL ACTION**

**v.**

                                                                                      **No. 05-2087-KHV-DJW**

**MOBILE MED CARE, INC.,**

    **Defendant and Counterclaimant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint and Join Additional Parties (doc. 34). For the reasons set forth below, the Court will grant the motion.

**I.    Background Information**

Plaintiff is a business broker that was retained by Defendant Mobile Med Care, Inc. ("Mobile Med Care") to assist it in the sale of its business. Plaintiff alleges that pursuant to a Fee Agreement entered into by the parties, Mobile Med Care was required to pay Plaintiff a commission when Mobile Med Care sold its business.

At present, Plaintiff asserts two counts against Mobile Med Care: (1) Count I for breach of the Fee Agreement, and (2) Count II for unjust enrichment, estoppel, and breach of implied contract. Mobile Med Care has counterclaimed against Plaintiff, asserting that Plaintiff breached certain confidentiality provisions contained in the Fee Agreement and a separate Confidentiality Agreement entered into by the parties.

Plaintiff now seeks leave to file a Second Amended Complaint, which asserts an additional count against Mobile Med Care for breach of the Confidentiality Agreement. Plaintiff also seeks leave to join three new parties as defendants: Daniel Sims, Douglas M. Radtke, and MPAC, LLC. The proposed Second Amended Complaint asserts claims against those new defendants for (1) tortious interference with the Fee and Confidentiality Agreements and with a business relationship existing between Plaintiff and Mobile Med Care, (2) unfair competition and misappropriation of confidential business information, (3) misappropriation of trade secrets in violation of the Kansas Uniform Trade Secrets Act, and (4) civil conspiracy.

The deadline for filing motions to amend or join parties was June 29, 2005.[1] Plaintiff filed the instant motion on July 29, 2005. Plaintiff asserts that it did not learn about the facts giving rise to its proposed amendments until Mobile Med Care produced certain documents on August 15, 2005. Plaintiff argues that its motion is therefore timely.

Defendant Mobile Med Care urges the Court to deny the motion, asserting that allowing the amendments at this stage of the lawsuit, i.e., after the deadline for filing motions to amend and join parties has passed, will prejudice Mobile Med Care and the proposed new defendants. Mobile Med Care argues that it and the new defendants will not be able to develop and present their defenses to the new causes of action given the current deadlines in the case. According to the Court's June 29, 2005 Scheduling Order (as amended), discovery is to be completed by December 5, 2005; the Pretrial Conference is to be held

---

[1] *See* June 29, 2005 Scheduling Order (doc. 17), ¶ 3.a.

on December 19, 2005; and dispositive motions are to be filed by January 13, 2006. In addition, the case is set for trial on the Court's May 16, 2006 trial calendar.

## II.     Standard for Ruling on a Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure allows one amendment of the complaint before a responsive pleading is served or within twenty days after service of the complaint.[2] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3] Leave to amend, however, is to be "freely given when justice so requires,"[4] and the Supreme Court has emphasized that "this mandate is to be heeded."[5] The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6]

Leave to amend should be denied when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7] In addition, the court may consider the timeliness of the motion

---

[2] Fed. R. Civ. P. 15(a).

[3] *Id.*

[4] *Id.*

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[7] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

to amend. Untimeliness of the motion may be, by itself, a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay.[8] In addition, if the motion is filed after the scheduling order deadline, the moving party must show good cause for allowing the amendment out of time.[9] To establish good cause, the moving party must show that the deadline "could not have been met with diligence."[10]

### III. Analysis

#### A. Failure to Meet to the Scheduling Order Deadline for Amendments

The Court will first address the timeliness of Plaintiff's motion. The Court finds that Plaintiff has shown good cause why it did not file the motion to amend by deadline. Mobile Med Care does not dispute Plaintiff's assertion that Plaintiff did not learn of the facts giving rise to the new proposed claims until Mobile Med Care produced certain documents to Plaintiff on August 15, 2005. Plaintiff has adequately explained its reason for filing the motion after the deadline. In addition, the Court finds that Plaintiff has shown how it could not have met the Scheduling Order deadline for filing motions to amend and join parties even with due diligence. The Court therefore holds that Plaintiff's failure to meet the Scheduling Order deadline is not sufficient reason to deny Plaintiff's motion to amend.

#### B. Prejudice

---

[8] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.1995).

[9] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

[10] *Simpson v. Home Depot, Inc.*, 203 F.R.D. 643, 644 (D. Kan. 2001) (quoting *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)).

The Court will next examine Mobile Med Care's argument that it and the proposed new defendants will be prejudiced if the amendments are allowed. Mobile Med Care's claim of prejudice is based solely on its assertion that it and the other proposed defendants will not have sufficient time to conduct discovery and develop and present their defenses to the new claims because discovery is set to close on December 5, 2005, and because other deadlines for expert disclosures, amending the pleadings, and providing supplemental disclosures have already passed.

Prejudice under Rule 15 means "undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party."[11]  Mobile Med Care, as the party opposing the amendment, has the burden of demonstrating this undue difficulty.[12]

The Court finds that allowing the requested amendments and requiring the parties to comply with the June 29, 2005 Scheduling Order would indeed be prejudicial to Mobile Med Care and the proposed new defendants. Such prejudice, however, can be avoided by vacating the present Scheduling Order (and any amendments) and entering new deadlines. The Scheduling Order and any amendments thereto will be vacated, and a new Scheduling Order entered at a later date. Accordingly, the Court finds that Mobile Med Care has failed to establish prejudice as a basis for denying Plaintiff's motion.

---

[11]*Acker v. Burlington N. and Santa Fe R. Co.,* 215 F.R.D. 645, 654 (D. Kan. 2003) (citing *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10thCir. 1983); *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 508 (D. Kan. 1998); *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001)).

[12]*See id.* (citing *Schmitt v. Beverly Health and Rehab. Serv's, Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998) (party opposing amendment on the basis of prejudice has the burden to demonstrate prejudice).

5

**IV.     Conclusion**

For the reasons discussed above, the Court does not find that Plaintiff has unduly delayed in filing its motion. The Court also finds that Plaintiff has shown good cause for filing its motion after the Scheduling Order deadline. Furthermore, the Court finds that any potential prejudice that would inure to Mobile Med Care or the proposed new defendants as a result of granting the motion may be avoided by vacating the current Scheduling Order. Finally, the Court hold that the interests of fairness and judicial economy will be best served by allowing Plaintiff to amend its Complaint and join the proposed new parties.

Accordingly, the Court hereby grants Plaintiff's Motion for Leave to File Second Amended Complaint and Join Additional Parties. To allow the parties adequate time to prosecute and defend the new claims, the Court, after consultation with the District Judge, vacates the June 29, 2005 Scheduling Order (doc. 17) and all amendments thereto, including all deadlines and settings contained therein. The case is no longer set for a Pretrial Conference on December 19, 2005, and the case is removed from the May 16, 2006 trial calendar.

Within **ten (10) days** of the date of this Order, Plaintiff shall file its Second Amended Complaint and electronically serve the Second Amended Complaint on Mobile Med Care. Mobile Med Care shall file its answer or other responsive pleading within **ten (10) days** thereafter. In addition, Plaintiff shall, within **twenty (20) days** of the date of this Order, serve a summons and the Second Amended Complaint on the new defendants. After all of the defendants have answered or otherwise pled in response to the Second Amended Complaint, the Court will issue an order regarding planning and scheduling and will set

the case for a telephone scheduling conference so that a new Scheduling Order may be entered.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint and Join Additional Parties (doc. 34) is granted.

**IT IS FURTHER ORDERED** that the June 29, 2005 Scheduling Order (doc. 17) and all amendments thereto are vacated, including all deadlines and settings contained therein.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, Plaintiff shall file its Second Amended Complaint and electronically serve it on Mobile Med Care, Inc. Defendant Mobile Med Care, Inc. shall file its answer or other responsive pleading within **ten (10) days** thereafter.

**IT IS FURTHER ORDERED** that within **twenty (20) days** of the date of this Order, Plaintiff shall serve a summons and the Second Amended Complaint on Daniel Sims, Douglas M. Radtke, and MPAC, LLC.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 22nd day of November 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties